985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aracelli Del Carmen BARRON-MACIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE Respondent.
 No. 90-70506.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1993.
Decided Feb. 1, 1993.
 
 Before ALDISERT,* GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aracelli del Carmen Barron-Macia ("Barron-Macia") appeals from an order of the Board of Immigration Appeals ("BIA") dismissing her appeal of the denial of her application for asylum by the Immigration Judge ("IJ"). We affirm the denial.
 
 
 3
 Barron-Macia contends that the BIA abused its discretion because (1) she had established a well-founded fear of persecution, and (2) the BIA failed to weigh the equities in favor of her application.
 
 
 4
 Barron-Macia claimed that her description of conditions in El Salvador established her well-founded fear of persecution if she were deported, and that the BIA abused its discretion in considering her conviction for dealing cocaine a disqualification for asylum. The BIA's determination that an applicant like Barron-Macia is not eligible for asylum, however, must be sustained as long as it is " 'supported by reasonable, substantial and probative evidence on the record considered as a whole.' " INS v. Elias Zacarias, 112 S.Ct. 812, 815 (1992) (quoting 8 U.S.C. § 1105a(a)(4)).
 
 
 5
 Here, as in Abedini v. INS, 971 F.2d 188 (9th Cir.1992), the evidence presented by the petitioner "was not so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 191.
 
 
 6
 The events that provide the basis for Barron-Macia's fear of persecution occurred over a decade ago. Despite her claims that a death squad once threatened her and her family, Barron-Macia' mother and daughter have apparently resided in the same town in El Salvador without being harmed. Barron-Macia herself has never espoused any political beliefs nor taken any action that has otherwise endangered her. Substantial evidence in the record supports the BIA's determination.
 
 
 7
 Barron-Macia next argues that the BIA and IJ abused their discretion by failing to consider equities which she contends tip the balance of equities in her favor. The BIA did not need to engage in any weighing of equities once it determined that Barron-Macia had failed to establish a well-founded fear of persecution. The asylum statute provides that an alien "may be granted asylum in the discretion of the Attorney General if the Attorney General determines that such alien is a refugee within the meaning of section 1101(a)(42)(A) of this title." 8 U.S.C. § 1158(a) This means that if an alien fails to establish a well-founded fear of persecution, she is not eligible for the exercise of discretion by the Attorney General. Therefore, we need not reach the question whether the BIA properly considered the equities prior to its refusal to grant asylum to Barron-Macia.
 
 
 8
 The petition for review is therefore DENIED.
 
 
 
 *
 Honorable Rugerro J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3